PAUL B. SNYDER
United States Bankruptcy Judge
1717 Pacific Ave, Suite 2209
Tacoma, WA 98402

✓ FILED
___ LODGED
___ RECEIVED

**January 24, 2007**

MARK L. HATCHER
CLERK U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
_____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF WASHINGTON AT TACOMA

In re:

NATALIE DIONNE RODRIGUEZ,

        Debtor.

Case No. 06-41999

**MEMORANDUM DECISION**

**NOT FOR PUBLICATION**

This matter came for hearing before the Court on January 9, 2007, on a Motion for Relief from Stay and Objection to Confirmation of Plan filed by Wells Fargo Financial Acceptance (Wells Fargo), and an Objection to Claim of Wells Fargo filed by Natalie Dionne Rodriguez (Debtor). These matters originally were before the Court on November 7, 2006, but were continued for additional briefing and oral argument. Based on the pleadings and arguments presented, the Court's findings of fact and conclusions of law are as follows:

## FINDINGS OF FACT

The facts are not in dispute. On August 29, 2006, the Debtor filed a Chapter 13 bankruptcy. On September 11, 2006, Wells Fargo filed a secured claim on a 2004 Pontiac Aztec (Vehicle) in the amount of $19,165.97. In the Debtor's Chapter 13 Plan (Plan) filed August 29, 2006, the Debtor acknowledged that the Vehicle was purchased within 910 days

of filing bankruptcy and proposed to surrender the Vehicle to Wells Fargo at confirmation in full satisfaction of the debt owed to Wells Fargo.

Wells Fargo filed a Motion for Relief from Stay on October 2, 2006, for failure to make payments, among other reasons. The Debtor opposed the motion on the grounds that Wells Fargo had repossessed the Vehicle (as opposed to the Debtor having surrendered the Vehicle) immediately prior to her bankruptcy filing and the Debtor was proposing to surrender the Vehicle in full satisfaction of the debt to Wells Fargo. On November 2, 2006, the Debtor filed an Objection to the Claim of Wells Fargo, based again on the assertion that surrender of the Vehicle was in full satisfaction of her debt owing Wells Fargo. On November 3, 2006, Wells Fargo filed its Objection to Confirmation of Plan, arguing that the Bankruptcy Code does not allow for surrender of a 910 vehicle in complete satisfaction of the entire claim owing a secured creditor.

The Court took the matter under advisement after the January 9, 2007 hearing.

## CONCLUSIONS OF LAW AND DISCUSSION

The issue in this case, while one of first impression for this Court, has been considered by numerous bankruptcy courts around the country since enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA). The issue is as follows: whether the surrender of a vehicle to a secured creditor satisfies the creditor's claim in full, precluding the creditor from asserting a deficiency claim. At the center of this issue is the question of whether pre-BAPCPA, 11 U.S.C. § 506(a) was the source of a secured creditor's deficiency claim in bankruptcy upon the debtor's surrender of a vehicle, or whether such a deficiency claim arose solely under state law? If the latter is the answer, then the fact that BAPCPA's "hanging paragraph" precludes application of § 506 to an allowed secured claim under 11

U.S.C. § 1325(a)(5) has no impact on the case before the Court, as that statute is not, and never was, the basis for a secured creditor's deficiency claim in bankruptcy. For the reasons articulated below, however, this Court concludes that pre-BAPCPA, § 506(a) had to be applied to a secured claim even when the debtor proposed to surrender it pursuant to 11 U.S.C. § 1325(a)(5)(C). Thus, the hanging paragraph, which precludes application of § 506 to the surrender of secured property, necessarily requires treatment different from pre-BAPCPA law.

The Court concludes the analysis of this issue in In re Turkowitch, --B.R.--, 2006 WL 3346156 (Bankr. E.D. Wis. Nov. 16, 2006), is the most persuasive and adopts the reasoning and conclusions therein. In Turkowitch, the bankruptcy court adopted the "majority view," holding that the hanging paragraph prevents the bifurcation of secured claims upon surrender, thereby precluding 910-creditors from asserting deficiency claims. The Court finds convincing the Turkowitch court's reliance on In re Fobian, 951 F.2d 1149, 1151 (9th Cir. 1991), where the Ninth Circuit Court of Appeals held that even when a debtor proposes to surrender property, the bankruptcy court is required to apply 11 U.S.C. § 506 to determine whether the creditor is both a secured and unsecured creditor.[1] Under the Ninth Circuit's analysis, it appears that pre-BAPCPA, the source of a creditor's deficiency claim in bankruptcy was § 506(a). In order to give meaning to the hanging paragraph, then, removal of § 506 from 11 U.S.C. § 1325(a)(5) necessarily results in the conclusion that a creditor's claim cannot be bifurcated, even upon proposed surrender of the secured property.

---

[1] The Ninth Circuit decided this case under the confirmation requirements of Chapter 12; however, as stated by the Turkowitch court, these are identical to Chapter 13 in treatment of secured creditors, except Chapter 12 contains no hanging paragraph.

MEMORANDUM DECISION- 3

This Court also agrees with the vast majority of courts who have examined the hanging paragraph that the statute is not ambiguous. See Turkowitch, 2006 WL 3346156, at *4 (citing cases and excerpts therefrom holding that the hanging paragraph is not ambiguous). It is well established that "[t]he plain meaning of the statute controls, and courts will look no further, unless its application leads to unreasonable or impracticable results." United States v. Daas, 198 F.3d 1167, 1174 (9th Cir. 1999). The Court concludes that application of the hanging paragraph as done by the majority of bankruptcy courts does not lead to unreasonable or impracticable results.

The Court does not reach its conclusion lightly. Wells Fargo's arguments regarding the application of state law upon surrender are compelling and have been adopted by a minority of bankruptcy courts. In this regard, the Court finds particularly interesting the analysis in In re Particka, --B.R.--, 2006 WL 3350198 (Bankr. E.D. Mich. Nov. 17, 2006). Nonetheless, the Bankruptcy Code often modifies state law creditor rights. As the Turkowitch court aptly quoted:

> Certainly, state law defines creditors' rights, including the right to a deficiency. However, state law determines the rights in property only to the extent such rights are not modified by the Bankruptcy Code. Section 1325(a)(5), along with § 1322(b)(2) (which provides that a plan may modify the rights of holders of secured claims), expressly permits modification of secured creditors' rights, including hanging paragraph creditors. Consequently, even though [the Creditors] might be entitled to a deficiency outside of bankruptcy, [they are] not entitled to an allowed claim for any such deficiency here, so the Debtors are not required to provide for one in their Plan.

Turkowitch, 2006 WL 3346156, at *8 (quoting In re Osborn, 348 B.R. 500, 506 (Bankr. W.D. Mo. 2006) (footnotes omitted) (internal quotations omitted)).

Ultimately, the issue is one for a circuit court. The lack of legislative history on this issue, coupled with an unambiguous yet seemingly silent statute on the matter, necessitate

appellate guidance. Until such time, this Court will follow the majority view, holding that upon surrender of secured property pursuant to 11 U.S.C. § 1325(a)(5)(C), the secured creditor's claim is satisfied in full, thereby precluding any deficiency claim.

DATED: January 24, 2007

_Paul B. Snyder_
Paul B. Snyder
U.S. Bankruptcy Judge